Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back          Location : All District Civil Courts    Images  Help

Case 4:15-cv-00710-O   Document 1-1   Filed 09/22/15   Page 1 of 26   PageID 5

## REGISTER OF ACTIONS
### CASE NO. DC-15-09192

| | |
|---|---|
| SPJST LODGE #154 & AMERICAN SOKOL ORGANIZATION vs. CENTURY SURETY COMPANY | §<br>§<br>§<br>§<br>§ |

| | |
|---|---|
| Case Type: | **CNTR CNSMR COM DEBT** |
| Date Filed: | **08/13/2015** |
| Location: | **191st District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **CENTURY SURETY COMPANY** | **R BRENT COOPER**<br>*Retained*<br>214-712-9500(W) |
| **PLAINTIFF** | **SPJST LODGE #154 & AMERICAN SOKOL ORGANIZATION** | **SCOTT HUNZIKER**<br>*Retained*<br>713-861-0015(W) |

---

### EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 08/13/2015 | **NEW CASE FILED (OCA) - CIVIL** |
| 08/13/2015 | **ORIGINAL PETITION** |
| | *PLAINTIFF'S ORIGINAL PETITION* |
| 08/13/2015 | **ISSUE CITATION** |
| 08/20/2015 | **CITATION** |
| | *CMR #9214-8901-0661-5400-0064-4279-93* |

|  | | | |
|---|---|---|---|
| | CENTURY SURETY COMPANY | Served | 08/24/2015 |
| | | Returned | 08/26/2015 |

| | |
|---|---|
| 09/14/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** |
| | *DEFENDANTS* |

---

### FINANCIAL INFORMATION

|  | | |
|---|---|---|
| **PLAINTIFF** SPJST LODGE #154 & AMERICAN SOKOL ORGANIZATION | | |
| Total Financial Assessment | | 381.00 |
| Total Payments and Credits | | 381.00 |
| **Balance Due as of 09/14/2015** | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 08/13/2015 | Transaction Assessment | | | 381.00 |
| 08/13/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 47477-2015-DCLK | SPJST LODGE #154 & AMERICAN SOKOL ORGANIZATION | (381.00) |

FILED
DALLAS COUNTY
8/13/2015 1:18:23 PM
FELICIA PITRE
DISTRICT CLERK

DC-15-09192

Gay Smith

CAUSE NO. _____

| | | |
|---|---|---|
| **SPJST LODGE #154 & AMERICAN** | § | **IN THE DISTRICT COURT** |
| **SOKOL ORGANIZATION** | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **CENTURY SURETY COMPANY,** | § | |
| **Defendant.** | § | 191ST-J _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW** SPJST Lodge #54 and American Sokol Organization (hereinafter "Plaintiffs"), and complains of Century Surety Company (hereinafter "Century"). In support of their claims and causes of action, Plaintiffs would respectfully show the Court as follows:

### DISCOVERY LEVEL

1. Plaintiffs intend for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiffs' claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Fort Worth, in Dallas County, Texas.

### PARTIES

3. Plaintiffs are corporation whose place of business is located in Fort Worth, Dallas County, Texas.

---

PLAINTIFFS' ORIGINAL PETITION

4.     Century is a company engaged in the business of adjusting insurance claims. This includes Plaintiffs' insurance policy which is at issue in the present case.  Century may be served with Citation and a copy of this Petition, by serving it through its Specialty Insurance Managers at its principal address, 8601 RR 222, Building 3, Suite 100, Austin, TX 78730,   or wherever they may be found.

## BACKGROUND

5.     This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' Property, which is located at 6500 Boat Club Road, Fort Wroth, TX 76179, (the "Property").  In addition to seeking economic and penalty based damages from Century, Plaintiffs also seek compensation from Century for damages caused by improperly investigating the extensive losses associated with this case.

6.     Plaintiffs own the Property.

7.     Prior to the occurrence in question, Plaintiffs purchased a commercial insurance policy from Century to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiffs' Property suffered storm-related damage. Through their commercial policies, 01083815 and 01085816, Plaintiffs were objectively insured for the subject losses by Defendant.

8.     On or around April 10, 2011 and August 12, 2014, the Property suffered incredible damage due to storm related conditions.

9.     In the aftermath, Plaintiffs relied on Century to help begin the rebuilding process. By and through their commercial policy, Plaintiffs were objectively insured for the subject losses in this matter.

10. Pursuant to their obligation as policyholders, Plaintiffs made complete payment of all commercial insurance premiums in a timely fashion. Moreover, their commercial policy covered Plaintiffs during the time period in question.

11. Despite Plaintiffs' efforts, Century continually failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

12. Moreover, Century has failed to make any reasonable attempt to settle Plaintiffs' claims in a fair manner, although its liability to the Plaintiffs under the policy is without dispute.

13. In the months following each date of loss, Plaintiffs provided information to Century, as well as provided opportunities for Century to inspect the Property. However, Century failed to conduct fair investigations into the damage to the Property. Moreover, Century failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claims, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to timely and properly report and make recommendations in regard to Plaintiffs' claims.

14. Despite Century's improprieties, Plaintiffs continued to provide information regarding the losses and the related claims to Century. Further, Plaintiffs made inquiries regarding the status of the losses, and payments. Regardless, Century failed and refused to respond to the inquiries, and failed to properly adjust the claims and the losses. As a result, to this date, Plaintiffs have not received proper payment for their claims, even though notification was provided.

15. Century has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Century has furthermore failed to offer Plaintiffs adequate compensation without any explanation why full payment was not being made. Century

did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Century has further failed to affirm or deny coverage within a reasonable time. Plaintiffs also did not receive timely indication of acceptance or rejection regarding the full and entire claims in writing from Century in a timely manner.

17.     Century has, to date, refused to fully compensate Plaintiffs under the terms of the policy for which Plaintiffs paid, even though it was Century that failed to conduct a reasonable investigation.  Ultimately, Century performed a result-oriented investigation of Plaintiffs' claims that resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses.

18.     Century has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claims, beginning an investigation of Plaintiffs' claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiffs did not receive the coverage for which they had originally contracted with Century.   Unfortunately, Plaintiffs have, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.   In addition, Century has failed to place adequate and proper coverage for Plaintiffs causing Plaintiffs to suffer further damages.  As indicated below, Plaintiffs seek relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiffs have been met or has occurred.

## AGENCY

22.     All acts by Century were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Century and/or were completed in its normal and routine course and scope of employment with Century.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.     Century had and owed a legal duty to Plaintiffs to properly adjust the structural and property damage and other insurance losses associated with the Property.  Century breached this duty in a number of ways, including but not limited to the following:

> a.     Century was to exercise due care in adjusting and paying policy proceeds regarding Plaintiffs' Property loss;

> b.     Century had a duty to competently and completely handle and pay all damages associated with Plaintiffs' Property; and/or

> c.     Century failed to properly complete all adjusting activities associated with Plaintiffs.

25.     Century's acts, omissions, and/or breaches did great damage to Plaintiffs, and were a proximate cause of Plaintiffs' damages.

**B.**
**BREACH OF CONTRACT**

26.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiffs purchased, Century had the absolute duty to investigate Plaintiffs' damages, and to pay Plaintiffs' policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiffs suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Century has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiffs benefits relating to the cost to properly repair Plaintiffs' Property, as well as for related losses.  As a result of this breach, Plaintiffs have suffered actual and consequential damages.

**C.**
**VIOLATIONS OF TEXAS DECEPTIVE TRADE**
**PRACTICES ACT AND TIE-IN-STATUTES**

30.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Century's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.   Century collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> a.      Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b.     Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c.     Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d.     Using or employing an act or practice in violation of the Texas Insurance Code;

e.     Unreasonably delaying the investigation, adjustment and resolution of Plaintiffs' claim;

f.     Failure to properly investigate Plaintiffs' claim; and/or

g.     Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Century in low-balling and/or denying Plaintiffs' damage claim.

32.     As described in this Original Petition, Century represented to Plaintiffs that their insurance policy and Century's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA.

33.     As described in this Original Petition, Century represented to Plaintiffs that its insurance policy and Century's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.     By representing that Century would pay the entire amount needed by Plaintiffs to repair the damages caused by the storm-related event and then not doing so, Century has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     Century has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.   This breach entitles Plaintiffs to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Century's actions, as described herein, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Century's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Century's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiffs are consumers, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Century to their detriment.   As a direct and proximate result of Century's collective acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now sue.  All of the above-described acts, omissions, and failures of Century are a producing cause of Plaintiffs' damages that are described in this Original Petition.

39.     Because Century's collective actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Century having knowingly committed its conduct. Additionally, Plaintiffs are ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Century having intentionally committed such conduct.

40.     As a result of Century's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf.  Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiffs may show themselves to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Century's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Century engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.     Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.     Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due;

     e.     Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

     f.     Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.     Plaintiffs are the insured or beneficiaries of claims which was apparently valid as a result of the unauthorized acts of Century, and Plaintiffs relied upon these unfair or deceptive acts or practices by Century to their detriment.   Accordingly, Century became the insurer of Plaintiffs.

44.     As a direct and proximate result of Century's acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which they now sue.

45.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Century's actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Century having knowingly committed such conduct.   Additionally, Plaintiffs are entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Century having intentionally committed such conduct.

46.     As a result of Century's unfair and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf.   Accordingly, Plaintiffs also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas

Exhibit A - Page 000011

Insurance Code and any other such damages to which Plaintiffs may show themselves justly entitled by law and in equity.

## E.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, Century has breached its common law duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and making an offer on Plaintiffs' claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     Century has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' claims, as Century knew or should have known that it was reasonably clear that Plaintiffs' storm-related claims were covered.  These acts, omissions, failures, and conduct by Century is a proximate cause of Plaintiffs' damages.

## F.
## BREACH OF FIDUCIARY DUTY

50.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

51.     Century had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiffs.  As a result, Century owed a duty of good faith and fair dealing to Plaintiffs.  Century breached that fiduciary in that:

    a.  The transaction was not fair and equitable to Plaintiffs;

    b.  Century did not make reasonable use of the confidence that Plaintiffs placed upon it;

    c.     Century did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiffs;

    d.     Century did not place the interests of Plaintiffs before its own, and Century used the advantage of its position to gain a benefit for itself, at Plaintiffs' expense;

    e.     Century placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

    f.     Century did not fully and fairly disclose all important information to Plaintiffs concerning the sale of the policy.

52.    Century is liable for Plaintiffs' damages for breach of fiduciary duty, as such damages were objectively caused by Century's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.    Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

54.    Plaintiffs have satisfied all conditions precedent to bringing these causes of action.  By its acts, omissions, failures, and conduct, Century has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.    Such violations include, without limitation, all the conduct described in this Original Petition, plus Century's failure to properly investigate Plaintiffs' claims.  Plaintiffs also include Century's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claims and Century's failure to pay for the proper repair of Plaintiffs' Property, as to which Century's liability had become reasonably clear.

56.     Additional violations include Century's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiffs' storm-related damage and related claims.   Plaintiffs further include Century's failure to look for coverage and give Plaintiffs the benefit of the doubt, as well as Century's misrepresentations of coverage under the subject insurance policy. Specifically, Century is also guilty of the following unfair insurance practices:

a.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

b.     Engaging in unfair claims settlement practices;

c.     Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

d.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Century's liability had become reasonably clear;

e.     Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs;

f.     Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claims; and/or

g.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.     Century has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Century's conduct as described herein has resulted in Plaintiffs' damages that are described in this Original Petition.

**H.**
**MISREPRESENTATION**

58.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

59.     Century is liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Century did not inform Plaintiffs of certain exclusions in the policy.   Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiffs who relied on the misrepresentations to their detriment.  As a result, Plaintiffs have suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.   Century is liable for these actual consequential and penalty-based damages.

**I.**
**COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION**

60.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiffs would show that Century perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiffs, who relied upon such representations that ultimately resulted in their injuries and damages.   Alternatively, Century fraudulently concealed material facts from Plaintiffs, the result of which caused damage to Plaintiffs as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiffs, Plaintiffs have sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiffs' reliance on Century fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiffs have suffered actual damages for which they now sue.

64.     Plaintiffs further allege that because Century knew that the misrepresentations made to Plaintiffs were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Century, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiffs will show that they have incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiffs requests that penalty damages be awarded against Century in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Century has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiffs.

## DAMAGES

69.     Century's acts have been the producing and/or proximate cause of damage to Plaintiffs, and Plaintiffs seek an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiffs seek monetary relief of no more than $74,500), including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ADDITIONAL DAMAGES & PENALTIES

71.     Century's conduct was committed knowingly and intentionally.   Accordingly, Century is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiffs are, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiffs are entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.     Plaintiffs demand a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request that Century disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

1.   Please produce Century's complete claims files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiffs' underlying claim(s).

2.   Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.   Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

4.   Please produce the electronic diary, including the electronic and paper notes made by Century's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiffs' claims.

5.   Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying events, claims or the Property, which is the subject of this suit.

6.   Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7.   Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.   Please produce the emails, instant messages and internal correspondence pertaining to Plaintiffs' underlying claim(s).

9.   Please produce the videotapes, photographs and recordings of Plaintiffs or Plaintiffs' home, regardless of whether Century intend to offer these items into evidence at trial.

## **INTERROGATORIES**

76.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

1.     Please identify any person Century expect to call to testify at the time of trial.

2.     Please identify the persons involved in the investigation and handling of Plaintiffs' claims for insurance benefits arising from damage relating to the underlying events, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.     If Century or Century's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Century or any of Century's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Century's investigation.

5.     Please state the following concerning notice of claims and timing of payment:

     a.     The date and manner in which Century received notice of the claims;
     b.     The date and manner in which Century acknowledged receipt of the claims;
     c.     The date and manner in which Century commenced investigation of the claims;
     d.     The date and manner in which Century requested from the claimant all items, statements, and forms that Century reasonably believed, at the time, would be required from the claimant; and
     e.     The date and manner in which Century notified the claimant in writing of the acceptance or rejection of the claim.

6.     Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiffs.

7.     Has Plaintiffs' claims for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.     When was the date Century anticipated litigation?

9.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Century's document retention policy.

10.    Does Century contend that the insured premises was damaged by storm-related events and/or any excluded peril?   If so, state the general factual basis for this contention.

11.    Does Century contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.    Does Century contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way?   If so, state the general factual basis for this contention.

13.    How is the performance of the adjuster(s) involved in handling Plaintiffs' claims evaluated?  State the following:

      a.      what performance measures are used; and
      b.      describe Century's bonus or incentive plan for adjusters.

## **CONCLUSION**

77.    Plaintiffs pray that judgment be entered against [Defendant], and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which they are due as a result of the acts of [Defendant], and for all such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ Scott G. Hunziker*

Bill L. Voss
State Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
zach@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): _____   COURT (FOR CLERK USE ONLY): _____

**STYLED: SPJST LODGE #154 & AMERICAN SOKOL ORGANIZATION V. CENTURY SURETY COMPANY**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Scott G. Hunziker<br><br>**Email:** scott@vosslawfirm.com<br><br>**Address:** 26619 Interstate 45<br><br>**Telephone:** (713) 861-0015<br><br>**City/State/Zip:** The Woodlands, TX 77380<br><br>**Fax:** (713) 861-0021<br><br>**Signature:**<br><br>**State Bar No:** 24047043 | **Plaintiff(s)/Petitioner(s):** SPJST Lodge #154 & American Sokol Organization<br><br>**Defendant(s)/Respondent(s):** Century Surety Company<br><br>[Attach additional page as necessary to list all parties] | **Attorney for Plaintiff/Petitioner**<br>_Pro Se_ Plaintiff/Petitioner<br>Title IV-D Agency<br>Other: _____<br><br>**Additional Parties in Child Support Case:**<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| _Debt/Contract_<br>  **XXX Consumer/DTPA**<br>  Debt/Contract<br>  Fraud/Misrepresentation<br>  Other Debt/Contract:<br>  Breach of Contract<br>_Foreclosure_<br>  Home Equity—Expedited<br>  Other Foreclosure<br>Franchise<br>Insurance<br>Landlord/Tenant<br>Non-Competition<br>Partnership<br>Other Contract:<br>_____ | Assault/Battery<br>Construction<br>Defamation<br>_Malpractice_<br>  Accounting<br>  Legal<br>  Medical<br>  Other Professional<br>    Liability:<br>  _____<br>Motor Vehicle Accident<br>Premises<br>_Product Liability_<br>  Asbestos/Silica<br>  Other Product Liability<br>    List Product:<br>  _____<br><br>Other Injury or Damage:<br>_____ | Eminent Domain/<br>  Condemnation<br>Partition<br>Quiet Title<br>Trespass to Try Title<br>Other Property:<br>_____ | Annulment<br>Declare Marriage Void<br>_Divorce_<br>  With Children<br>  No Children | Enforcement<br>Modification—Custody<br>Modification—Other |
|  |  | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
|  |  | Expunction<br>Judgment Nisi<br>Non-Disclosure<br>Seizure/Forfeiture<br>Writ of Habeas Corpus—<br>  Pre-indictment<br>Other: _____ | Enforce Foreign<br>  Judgment<br>Habeas Corpus<br>Name Change<br>Protective Order<br>Removal of Disabilities<br>  of Minority<br>Other:<br>_____ | Enforcement/Modification<br>Paternity<br>Reciprocals (UIFSA)<br>Support Order |
|  |  |  |  | **Parent-Child Relationship** |
|  |  |  |  | Adoption/Adoption with<br>  Termination<br>Child Protection<br>Child Support<br>Custody or Visitation<br>Gestational Parenting<br>Grandparent Access<br>Parentage/Paternity<br>Termination of Parental<br>  Rights<br>Other Parent-Child:<br>_____ |
| **Employment** | **Other Civil** | | | |
| Discrimination<br>Retaliation<br>Termination<br>Workers' Compensation<br>Other Employment: | Administrative Appeal<br>Antitrust/Unfair<br>  Competition<br>Code Violations<br>Foreign Judgment<br>Intellectual Property | Lawyer Discipline<br>Perpetuate Testimony<br>Securities/Stock<br>Tortious Interference<br>Other: | | |
| **Tax** | | _Probate & Mental Health_ | | |
| Tax Appraisal<br>Tax Delinquency<br>Other Tax | _Probate/Wills/Intestate Administration_<br>  Dependent Administration<br>  Independent Administration<br>  Other Estate Proceedings | Guardianship—Adult<br>Guardianship—Minor<br>Mental Health<br>Other: _____ | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| Appeal from Municipal or Justice Court<br>Arbitration-related<br>Attachment<br>Bill of Review<br>Certiorari<br>Class Action | Declaratory Judgment<br>Garnishment<br>Interpleader<br>License<br>Mandamus<br>Post-judgment | Prejudgment Remedy<br>Protective Order<br>Receiver<br>Sequestration<br>Temporary Restraining Order/Injunction<br>Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
**XXX** Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees Less than $100,000 and non-monetary relief
Over $100, 000 but not more than $200,000
Over $200,000 but not more than $1,000,000
Over $1,000,000.

# FORM NO. 353-3 - CITATION

## THE STATE OF TEXAS

To:   CENTURY SURETY COMPANY
**BY SERVING ITS SPECIALTY INSURANCE MANAGERS**
8601 RR 222 BUILDING 3
AUSTIN, TEXAS 78730

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SPJST LODGE #154 & AMERICAN SOKOL ORGANIZATION**

Filed in said Court **13th day of August, 2015** against

**CENTURY SURETY COMPANY**

For Suit, said suit being numbered **DC-15-09192-J**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 20th day of August, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

_____, Deputy
SPRINGE MCKINLEY

---

CERT/MAIL

# CITATION

## DC-15-09192-J

SPJST LODGE #154 & AMERICAN SOKOL ORGANIZATION
vs.
CENTURY SURETY COMPANY

ISSUED THIS
**20th day of August, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
SCOTT HUNZIKER
THE VOSS LAW FIRM PC
THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS TX 77380
713-861-0015

DALLAS COUNTY CONSTABLE
FEES PAID   FEES NOT PAID

## OFFICER'S RETURN

Case No.: DC-15-09192

Court No.191st District Court

Style: SPJST LODGE #154 & AMERICAN SOKOL ORGANIZATION

vs.

CENTURY SURETY COMPANY

Came to hand on the _20th_ day of _Aug_, 20_15_, at _3:00_ o'clock _P_.M. Executed at

within the County of _____ at _____ o'clock ____.M. on the _____ day of _____

20 _____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, WAS MAILED UNITED STATES CERTIFIED MAIL RETURN RECEIPT REQUESTED having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation    $ _____

For mileage              $ _____          of _____ County,

For Notary               $ _____          By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

9214-8901-0061-5400-0064-4279-93

FILED
DALLAS COUNTY
9/14/2015 11:42:54 AM
FELICIA PITRE
DISTRICT CLERK

Case 4:15-cv-00710-O   Document 1-1   Filed 09/22/15   Page 25 of 26   PageID 29

CAUSE NO. DC-15-09192

| | | |
|---|---|---|
| SPJST LODGE #154 & AMERICAN SOKOL ORGANIZATION, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | 191ST JUDICIAL DISTRICT |
| CENTURY SURETY COMPANY, | § § | |
| Defendant. | § | DALLAS COUNTY, T E X A S |

## DEFENDANT CENTURY SURETY COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CENTURY SURETY COMPANY, ("Century Surety"), Defendant in the above-entitled and numbered cause, and file this Original Answer to Plaintiffs' Original Petition, and for such would respectfully show the court as follows:

### I.
### GENERAL DENIAL

Defendant generally denies each and every allegation, both singular and plural, averred in Plaintiffs' Original Petition and every amendment or supplement thereto, and demands strict proof thereof by a preponderance of evidence pursuant to Rule 92 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant CENTURY SURETY COMPANY prays that upon final hearing hereon, Plaintiffs take nothing, and that Defendant be discharged hence without day, to recover all costs expended on its behalf, and for such other and further relief, both general and special, both at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By     */s/ R. Brent Cooper*
       **R. BRENT COOPER**
       State Bar No. 04783250
       Brent.Cooper@cooperscully.com
       **ROBERT J. WITMEYER**
       State Bar No. 24091174
       Rob.Witmeyer@cooperscully.com
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:  (214) 712-9500
Telecopy:  (214) 712-9540
**ATTORNEYS FOR DEFENDANT**
**CENTURY SURETY COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served electronically through the electronic-filing manager (EFM) and/or via facsimile pursuant to the Texas Rules of Civil Procedure on the 14th day of September 2015 to:

Bill L. Voss
Scott G. Hunziker
THE VOSS LAW FIRM, P.C.
26619 Interstate 45
The Woodlands, TX  77380
*VIA FACSIMILE 713-861-0021*

*/s/ R. Brent Cooper*
  **R. BRENT COOPER**