IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SPJST LODGE #154 & AMERICAN SOKOL ORGANIZATION,<br><br>    Plaintiff,<br><br>v.<br><br>CENTURY SURETY COMPANY,<br><br>    Defendant. | §§§§§§§§§§§ Civil Action No. 4:15-cv-00710-O |

## ORDER

Before the Court are Defendant Century Surety Company's Motion for Summary Judgment and Brief in Support (ECF Nos. 24–25), filed December 27, 2016; Plaintiff's Response in Strict Opposition to Defendant's Motion for Summary Judgment (ECF No. 34), filed February 22, 2017; and Defendant Century Surety Company's Reply Brief in Support of Its Motion for Summary Judgment (ECF No. 38), filed March 15, 2017.

Having considered the motion, related briefing, and relevant law, the Court finds that the motion should be and is hereby **GRANTED in part**.

### I.    BACKGROUND

Plaintiff SPJST Lodge #154 & American Sokol Organization ("Plaintiff") filed this action in state court on September 22, 2015, alleging underpayment of claims under a commercial insurance policy with Defendant Century Surety Company. Orig. Pet., ECF No. 1-1. Defendant removed this action to federal court under diversity jurisdiction and moved to compel an appraisal pursuant to the terms of the insurance policy issued to Plaintiff. ECF Nos. 1, 7. The Court granted Defendant's motion to compel and stayed the case. Nov. 23, 2015 Order, ECF No. 12. An Agreed

1

Appraisal Award was issued on March 8, 2016, and Defendant timely paid the award pursuant to the terms of the policy on April 5, 2016. App. Mot. Summ. J., Ex. A10 ("Agreed Appraisal Award"), App. 23, ECF No. 25-12; *id.*, Ex. A11 ("Appraisal Payment"), App. 24–30, ECF No. 25-13; *see also* Resp. 7, ECF No. 34 ("Plaintiff does not dispute that Defendant paid *the appraisal award* fully and on time.") (emphasis in original). The Court then lifted the stay on this action. May 11, 2016 Order, ECF No. 17.

Plaintiff's original petition, the operative pleading in this case, alleges: (1) negligence, (2) breach of contract; (3) violations of the Texas Deceptive Trade Practices Act ("DTPA") and tie-in statutes; (4) violations of the Texas Insurance Code; (5) breach of common law duty of good faith and fair dealing; (6) breach of fiduciary duty; (7) misrepresentation; and (8) common law fraud by negligent misrepresentation. Orig. Pet., ECF No. 1-1. Defendant moves for summary judgment on Plaintiff's claims. Mot. Summ. J., ECF No. 24. The motion has been fully briefed and is ripe for review.

## II.   LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id*. at 250.

## III. ANALYSIS

Defendant contends that timely payment of the appraisal award bars each of Plaintiff's claims. In response, Plaintiff claims that "material issues of fact do still exist in regard to Plaintiff's extra-contractual claims, including those pending under Section 541.061 of the Texas Insurance Code[,] Section 17.50(a)(1) of the Texas Deceptive Trade Practices Act . . . [and] Chapter 542 of the Texas Insurance Code, also known as the Texas Prompt Payment of Claims Act or 'TPPCA'." Resp. 5, ECF No. 34. The Court considers each of Plaintiff's claims in turn.

### A. Breach of Contract

Defendant moves for summary judgment on Plaintiff's breach of contact claim. Br. Supp. Mot. Summ. J. 9–11, ECF No. 25. Nowhere in its response does Plaintiff defend or even mention its breach of contract claim. As a result, the Court finds that Plaintiff has abandoned this claim.

Even if Plaintiff has not abandoned it, Plaintiff's breach of contract claim fails. "Under Texas law, an insurer's timely payment of a binding and enforceable appraisal award, and the insured's acceptance of the payment, estops the insured from maintaining a breach-of-contract claim against the insurer." *Quibodeaux v. Nautilus Ins. Co.*, 655 F. App'x 984, 986–87 (5th Cir. 2016) (citing *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 787 (Tex. App.—Houston

[14th Dist.] 2004, no pet.)); *see also Garcia v. Lloyds*, No. 04-16-00209-CV, 2016 WL 7234064, at *10 (Tex. App.—San Antonio 2016, pet. filed) ("Texas law clearly holds the discrepancy between the initial estimate and the appraisal award cannot be used as evidence of breach of contract.") (quoting *Gabriel v. Allstate Texas Lloyds*, No. 7:13–CV–181, 2013 WL 7885700, at *3 (S.D. Tex. 2013)). Plaintiff has conceded that Defendant timely paid the appraisal award and offers no summary judgment evidence to controvert this claim. Resp. 7, ECF No. 34 ("Plaintiff does not dispute that Defendant paid *the appraisal award* fully and on time.") (emphasis in original). Accordingly, summary judgment as to Plaintiff's breach of contract claim is granted.

B.  **Extra-Contractual Bad Faith Claims**

Defendant contends that Plaintiff's extra-contractual bad faith claims—which include Plaintiff's negligence, common law bad faith, DTPA, Texas Insurance Code, and breach of fiduciary duty[1] claims—must fail because Plaintiff cannot establish a claim for breach of contract. The Court agrees.

"Under Texas law, to prevail on a common-law bad faith claim, an insured must first show that the insurer breached the contract. The same requirement applies to claims for statutory bad faith under Chapter 541 of the Insurance Code and under the Trade Practices Act." *Quibodeaux*, 655 F. App'x at 987 (citing *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *Emmert v. Progressive Cty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied)); *see also Garcia*, 2016 WL 7234064, at *13 ("In most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract.") (citing

---

[1] Plaintiff's breach of fiduciary duty claim is merely a restatement of its common law duty of good faith and fair dealing claim. Orig. Pet. 11, ECF No. 1-1 ("Century had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiffs [sic]. As a result Century owed a duty of good faith and fair dealing to Plaintiffs [sic].").

*Liberty Nat'l Fire Ins. Co.*, 927 S.W.2d at 629; *Lundstrom v. United Services Auto. Ass'n-CIC*, 192 S.W.3d 78, 96 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). As Plaintiff cannot establish a breach of contract claim, it "cannot establish the predicate to bring a bad faith claim." *Quibodeaux*, 655 F. App'x at 987. While there are exceptions to this rule, Plaintiff has not argued that any apply. *See Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (summarizing exceptions); *see also Garcia*, 2016 WL 7234064, at *13 ("Thus, in order to avoid summary judgment on her common law bad faith claim, [Plaintiff] had the burden to raise a genuine issue of material fact that appellees 'commit[ted] some act, so extreme, that would cause injury independent of the policy claim' or failed to timely investigate her claim.") (quoting *Stoker*, 903 S.W.2d at 341).

Therefore, summary judgment is granted as to Plaintiff's extra-contractual bad faith claims.

C. **Texas Prompt Payment of Claims Act**

The Court finds that summary judgment is also proper as to Plaintiff's Texas Prompt Payment of Claims Act ("TPPCA") claim under § 542.060 of the Texas Insurance Code. "As relevant here, the TPPCA requires insurers to pay claims within 60 days of receiving necessary documents from the insured. If the insurer does not meet this deadline, it is liable for statutory interest of 18% on any amount it is later determined to owe." *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2017 WL 840977, at *4 (N.D. Tex. Mar. 3, 2017) (Fitzwater, J.) (internal citations omitted) (citing *Graber v. State Farm Lloyds*, No. 3:13-CV-2671-B, 2015 WL 3755030, at *8 (N.D. Tex. June 15, 2015) (Boyle, J.)). Defendant argues that under Texas law "full and timely payment of an appraisal award . . . precludes an award of penalties" under this provision. Reply 3, ECF No. 38 (citing *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563–64 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (collecting cases)). Defendant's

argument is supported by a line of Texas case law. *See id.*; *Waterhill Cos. Ltd. v. Great Am. Assur. Co.*, No. Civ. A. H–05–4080, 2006 WL 696577, at *3 (S.D. Tex. 2006); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 345 (Tex. App.—Corpus Christi 2004, pet. denied); *Anderson v. Am. Risk Ins. Co., Inc.*, No. 01-15-00257-CV, 2016 WL 3438243, at *5 (Tex. App.—Houston June 21, 2016, no pet.); *Bernstien v. Safeco Ins. Co. of Ill.*, No. 05–13–01533–CV, 2015 WL 3958282, at *1 (Tex. App.—Dallas 2015, no pet.); *Amine v. Liberty Lloyds of Texas Ins. Co.*, No. 01-06-00396-CV, 2007 WL 2264477, at *4–5 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Plaintiff contends that, despite Defendant's timely payment of the appraisal award, Defendant owes Plaintiff statutory penalty interest under the TPPCA. Tex. Ins. Code § 542.060; Resp. 7, ECF No. 34. In support, Plaintiff cites to *Graber v. State Farm Lloyds*, which rejected the defense Defendant presents here. 2015 WL 3755030, at *9. *Graber* concluded that the holding in the line of cases cited above "is without basis in the text of the TPPCA or the Texas Supreme Court and Fifth Circuit decisions construing the Act." *Id.* While *Graber* is well-reasoned, the Court finds that a subsequently released Fifth Circuit opinion affirming Texas case law finding that timely payment of an appraisal award bars claims under the TPPCA more persuasive. *Quibodeaux*, 655 F. App'x at 988 (citing favorably *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d at 563).

Additionally, a Texas court of appeals recently considered and rejected the holding in *Graber*. *See Garcia*, 2016 WL 7234064, at *12. The court distinguished the cases on which the *Graber* decision relies and found that "a long line of cases has held that full and timely payment of an appraisal award under the policy precludes an insured from recovering penalties under the Act as a matter of law." *Id.* (collecting cases). Therefore, the Court finds that Plaintiff's TPPCA claim is barred by Defendant's timely payment of the appraisal award and summary judgment

should be granted as to this claim.

### D.    Misrepresentation and Common Law Fraud by Negligent Misrepresentation

Plaintiff's original petition also states claims for misrepresentation and common law fraud by negligent misrepresentation.  Orig. Pet. 14, ECF No. 1-1.  However, Defendant does not address, or even list, these claims in its motion or reply, nor does Plaintiff address them in its response.  *See* Mot. Summ. J. 2, ECF No. 24 ("SPJST seeks to recover statutory penalties under the Texas Prompt Pay Act, as well as damages for breach of fiduciary duty, negligence, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act."); Br. Supp. Mot. Summ. J. 2, ECF No. 25 (same).  The Court was not directed to, nor was it able to find, anywhere in the record where these claims were abandoned.  As a result, it is unclear to the Court if Defendant is seeking summary judgment as to these claims.

To the extent Defendant is seeking summary judgment as to these claims, it is denied, as Defendant has failed to carry its summary judgment burden.

### IV.    CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment (ECF No. 24) is hereby **GRANTED in part**.  Plaintiff's claims for negligence; breach of contract; violations of the DTPA; violations of the Texas Insurance Code; breach of common law duty of good faith and fair dealing; and breach of fiduciary duty are hereby **DISMISSED with prejudice**.  Plaintiff's misrepresentation and fraud claims survive summary judgment.

**SO ORDERED** this **11th day** of **April, 2017**.

                                                              _____
                                                              Reed O'Connor
                                             **UNITED STATES DISTRICT JUDGE**